OPINION TO THE SENATE.

JANUARY 6, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

. OPINION to senate in relation to powers and limitations of Kent county water district.

January 6, 1960

To the Honorable, the Senate of the
     State of Rhode Island and Providence Plantations

We have received from the Honorable Senate a resolution requesting, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, our written opinion upon the following question of law:

> "Does Title 39, Chapter 16 of the General Laws entitled 'Kent County Water District' (being Sections 39-16-1 to 19 of said General Laws) prohibit or limit the Town of East Greenwich in the exercise of the rights, powers, privileges and authority given to Towns in this State by Title 39, Chapter 15 of the General Laws entitled 'Water Supply' (being Sec. 39-15-1 to 12 of said General Laws)?"

The Kent county water district was created by the enactment of public laws 1946, chapter 1740, now general laws 1956, chap. 39-16. The boundaries of the district were made coterminus with the boundaries of Kent county and declared by the legislature to be a body corporate and politic constituting a public benefit corporation.

The powers of the corporation were vested in and were to be exercised by a board known as the Kent county water authority. This board consisted of five members, one member of which was to be appointed by the town councils respectively of East Greenwich, West Warwick and Coventry, one member by the city council of the city of Warwick, and the fifth member by the council of the above-named town or city having the greatest number of inhabitants, as shown by the United States census in effect when such appointment was made, who are customers of said water authority.

The authority was empowered to acquire property by voluntary purchase, either outright or by the purchase of stock of a corporation owning the same, to own and operate, maintain, repair, improve, enlarge and extend any property

so acquired, and to produce, distribute and sell water within or without the territorial limits of the district. It was further empowered to borrow money for any of its corporate purposes, including the creation and maintenance of working capital, and to issue negotiable bonds, notes or other obligations and to fund or refund the same. The legislature also authorized the exercise of those powers incidental to normal corporate practices.

Chapter 1740 of P. L. 1946 became effective on April 24, 1946, and on May 23, 1946 the town council of East Greenwich appointed the member of the authority from that community. We are advised that this is the only action ever taken by the town of East Greenwich in connection with the creation of the Kent county water district. At the time of the enactment of chap. 1740 the town of East Greenwich had recourse to the provisions of G. L. 1938, chap. 637, §1, now G. L. 1956, §39-15-1. Such provisions read as follows:

"Whenever the electors of any town, qualified to vote upon questions of taxation or involving the expenditure of money, shall have voted, at a town meeting called for that purpose, to provide a water supply for the inhabitants of such town, or for some part thereof; or whenever any town shall enter or shall have entered into any contract with any person or corporation to furnish such town with such a water supply (a contract which towns are hereby authorized to make), then such town, or the person or corporation bound to fulfill such contract, as the case may be, may take, condemn, hold, use and permanently appropriate any land, water, rights of water and of way, necessary and proper to be used in furnishing or enlarging any such water supply, including sites and materials for dams, reservoirs, pumping stations, and for coal houses, with right-of-way thereto, and right-of-way for water pipes along and across public highways, and through private lands, and including also lands covered or to be flowed by water, or to be in any other way used in

furnishing, enlarging or maintaining any such water supply. And if any change in any highway shall be required for the accommodation of such water supply, then such town, person or corporation may alter the grade of such highway or construct a bridge therein, under the direction of the town council of the town where such change is made, and as far as may be needful, first giving bond with surety satisfactory to a justice of the superior court, if requested, conditioned to reimburse such town for every expense and damage occasioned by such change of grade or other change in such highway."

The fundamental issue raised by your question is whether or not the establishment of the Kent county water district operates to deny to the town of East Greenwich whatever rights it may have possessed pursuant to G. L. 1938, chap. 637, §1, now G. L. 1956, §39-15-1. We are of the opinion that, subject to the limitation hereinafter discussed, it does not.

It is a well-established principle that "public grants convey nothing by implication." *United States* v. *Arredondo,* 31 U. S. (6 Peters) 691, 738. In passing on this issue in the case of *Proprietors of Charles River Bridge* v. *Proprietors of Warren Bridge,* 36 U. S. (11 Peters) 420, Chief Justice Taney stated at page 551, "Can they, when holding their corporate existence under this law, and deriving their franchises altogether from it; add to the privileges expressed in their charter an implied agreement, which is in direct conflict with a portion of the law from which they derive their corporate existence? Can the legislature be presumed to have taken upon themselves an implied obligation, contrary to its own acts and declarations contained in the same law? It would be difficult to find a case justifying such an implication, even between individuals; still less will it be found where sovereign rights are concerned, and where the interests of a whole community would be deeply affected by such an implication."

It is not for us to assume that the legislature intended to deny to the inhabitants of the town of East Greenwich any means of obtaining water except through the offices of the Kent county water district. This is especially true when as here the district is not obligated to supply water if for any reason water service to such town is not economically, practically or otherwise feasible in the judgment of a majority of the authority members.

If by the incorporation of the Kent county water district and the grant of powers vested therein the legislature had intended to deny to the communities affected thereby recourse to the provisions of chap. 39-15 in all circumstances, it is not unreasonable to assume that it would have done so expressly. An examination of P. L. 1946, chap. 1740, reveals that sec. 11 thereof provides, "All acts or parts of acts inconsistent with the provisions of this act are hereby repealed to the extent of such inconsistency." And sec. 13 reads, "This act shall take effect upon its passage." It is to be observed that this procedure is a departure from the normal practice whereby the provisions of secs. 11 and 13 would ordinarily be combined. We think that this separation is not without significance.

Emphasizing this conclusion are the provisions of P. L. 1946, chap. 1740, sec. 12. That section expressly repealed P. L. 1945, chap. 1569, by which "The cities of Cranston and Warwick and the towns of Scituate, Coventry, East Greenwich, West Greenwich and West Warwick, and each of them or any group of them are hereby authorized and empowered to enact ordinances providing for the creation of one or several water authorities, so-called."

It would seem to us that the outright repeal of chap. 1569 of P. L. 1945 and the repeal of all other provisions of the general laws inconsistent with the rights and powers vested in the Kent county water district were designed to protect the Kent county water district and its bondholders against competition where the district had contracted to

serve, but not to deny the communities affected the means of providing a supply of water to the inhabitants thereof when the Kent county water district was, at least for the time being, unable to do so.

The legislature incorporated the district as a body politic, designated it a public benefit corporation, and pledged that the state would take no action to impair the obligation of contracts made by the authority. It is unreasonable to assume from these premises that the legislature intended to permit its political subdivisions, the municipalities within the district, to do that which the state had pledged itself to refrain from doing. It is equally unreasonable to conclude that by the incorporation of the Kent county water district the legislature intended to deprive the communities of their rights and powers under chap. 39-15 in areas not in conflict with the established rights of the district.

Therefore, subject to the rights that the district has acquired since its incorporation, the question as we thus construe it is answered in the negative.

FRANCIS B. CONDON
THOMAS H. ROBERTS
THOMAS J. PAOLINO
WILLIAM E. POWERS
G. FREDERICK FROST